UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARVESTER JOHNSON, JR., | No. 2:15-cv-0657-EFB P |
| Plaintiff, | |
| v. | ORDER GRANTING IFP AND DISMISSING COMPLAINT WITH LEAVE TO AMEND PURSUANT TO 28 U.S.C. § 1915A |
| CALIFORNIA HEALTH CARE FACILITY PRISON, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983, seeks leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.[1]

**I.      Request to Proceed In Forma Pauperis**

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

/////

/////

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

1

## II.  Screening Requirement and Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

/////

**III.     Screening Order**

The court has reviewed plaintiff's complaint (ECF No. 1) pursuant to § 1915A and finds that it must be dismissed with leave to amend for failure to state a claim. Plaintiff names the California Healthcare Facility and Warden Brian Duffy as defendants. He alleges that after being "written up," he was placed on "C" status and then seen by the classification committee. The committee took him off of "C" status and removed him from segregation. About a month later, the committee removed plaintiff from his job and placed him back on "C" status as a program failure. Plaintiff claims that being put back on "C" status violated his right against double jeopardy and deprived him of due process. He also claims his Eighth Amendment rights were violated. Under the applicable standards, discussed below, plaintiff fails to state a proper claim for relief. To proceed, he must file an amended complaint.

To state a claim under 42 U.S.C. § 1983, plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Instead, he must identify the particular person or persons who violated his rights. He must also plead facts showing how that particular person was involved in the alleged violation.

Plaintiff fails to state a claim against defendant Warden Duffy because he does not include any factual allegations linking him to a violation of a federal constitutional or statutory right. The alleged supervisory role of Duffy, as Warden, is not a proper basis for liability.

In addition, the California Healthcare Facility is not a "person" subject to a § 1983 lawsuit. State agencies, such as CDCR and its prisons, are immune from suit under the Eleventh Amendment. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Lucas v. Dep't*

3

*of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) (holding that prisoner's Eighth Amendment claims against CDCR for damages and injunctive relief were barred by Eleventh Amendment immunity); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (Eleventh Amendment immunity extends to state agencies).

To state a due process claim, petitioner must show that a constitutionally protected liberty interest is implicated. *Baumann v. Arizona Dept. of Corrections*, 754 F.2d 841, 844 (9th Cir. 1985). A state may create a constitutionally protected liberty interest if it establishes regulatory measures that impose substantive limitations on the exercise of official discretion. *Hewitt v. Helms*, 459 U.S. 460, 470-71 (1983*), overruled in part by Sandin v. Conner*, 515 U.S. 472, 484 (1995).

A state prisoner does not have a liberty interest in a classification status under the Fourteenth Amendment. *Hernandez v. Johnston*, 833 F.2d 1316, 1318 (9th Cir. 1987); *see Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (Due Process Clause not implicated by federal prisoner classification and eligibility for rehabilitative programs, even where inmate suffers "grievous loss"). In addition, there is no protected liberty interest in obtaining or maintaining work while incarcerated. *Walker v. Gomez*, 370 F.3d 969, 973 (9th Cir. 2004) (Due Process Clause "does not create a property or liberty interest in prison employment").

Thus, any protected liberty interest in petitioner's prison classification or employment must arise from state law. *See Sandin*, 515 U.S. at 484 (liberty interests arising out of prison regulations are generally limited to freedom from restraint that "imposes atypical and significant hardship . . . in relation to the ordinary incidents of prison life"). Here, the State of California has affirmatively rejected creating a protected liberty or property interest in work classifications or prison employment. Cal. Const. art. XIV § 5(c) (stating that "[n]othing in this section [regarding contracts for inmate labor] shall be interpreted as creating a right of inmates to work"); *see also* Cal. Pen. Code § 2933 ("[w]orktime credit is a privilege, not a right"). Moreover, California has not created a protected liberty interest in an inmate's custody classification. *See Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007); *cf. Neal v. Shimoda*, 131 F.3d 818, 827 (9th Cir. 1997) (regarding inmates classified as sex offenders).

Because plaintiff has no constitutionally protected liberty interest in a particular classification status or in prison employment, his claims of being deprived of those interests cannot form a basis for a due process claim.

Plaintiff also fails to state a double jeopardy claim because the Double Jeopardy Clause applies only to criminal penalties. *Hudson v. United States*, 522 U.S. 93, 95-96 (1997); *see also United States v. Brown*, 59 F.3d 102, 105 (9th Cir. 1995) (prison disciplinary sanctions do not violate the prohibition against double jeopardy); *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) (prison disciplinary proceedings are not part of a criminal prosecution).

Moreover, there is no apparent basis for finding a violation of plaintiff's rights under the Eighth Amendment. The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). To show a violation of the Eighth Amendment, plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. *E.g., Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). A mere threat of physical harm is not a constitutional wrong. *See Gaut v Sunn*, 810 F.2d 923, 925 (9th Cir. 1987). Likewise, verbal harassment alone does not violate the Eighth Amendment. *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996).

Plaintiff will be granted leave to file an amended complaint, if plaintiff can allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the claims and allegations against each defendant.

/////

Any amended complaint must not exceed the scope of this order and may not add new, unrelated claims. Further, any amended complaint must cure the deficiencies identified above and also adhere to the following requirements:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. See Local Rule 110.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF Nos. 2, 6, 8) is granted.

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The complaint is dismissed with leave to amend within 30 days. The amended complaint must bear the docket number assigned to this case and be titled "First Amended

/////

/////

1 Complaint." Failure to comply with this order will result in this action being dismissed for failure
2 to state a claim. If plaintiff files an amended complaint stating a cognizable claim the court will
3 proceed with service of process by the United States Marshal.
4 Dated: June 21, 2016.

                    EDMUND F. BRENNAN
                    UNITED STATES MAGISTRATE JUDGE